## Floyd Butterfiy v. Phil H. Marcell

[365 A.2d 252]

No. 23-76

Present: Barney, C.J., Smith, Daley, Larrow and Billings, JJ.

Opinion Filed October 5, 1976

*Glenn S. Morgan* of *Ryan, Smith & Carbine, Ltd.,* Rutland, for Plaintiff.

*Christopher A. Webber, Jr.* of *Webber and Costello,* Rutland for Defendant.

**Per Curiam.** In a proceeding brought in the small claims court, the plaintiff sought to recover for the loss of a pony which had been bailed to the defendant under an oral contract of agistment. The trial court found the contract of agistment as a fact. It further found that on a fall evening in 1974 the plaintiff's pony was out of the pasture, which was completely enclosed by a fence. While out of the pasture the pony was struck by an automobile and killed. On these findings the court concluded that the defendant failed to use the degree of care required of an agister and awarded $125.00 in damages. The defendant appeals.

The defendant, as an agister who had contracted to keep the animal for a monetary consideration, was bound to exercise reasonable or ordinary care, but in the absence of a special contract for its safety he was not an insurer. In the event of loss, he was liable only on proof of negligence or want of ordinary care and diligence on his part. 4 Am.Jur.2d *Animals* § 72.

Whether the defendant was negligent or acted in a wrongful manner was a question for the court as the trier of facts. The burden of proof was on the owner of the animal, the plaintiff here, to show wrong and injury done by the agister; the court will not infer it. See *Kemp* v. *Phillips,* 55 Vt. 69 (1883). As in *Kemp* v. *Phillips,* the lower court's findings in the instant case were "naked of all facts tending to show wrong on the part of the defendant". *Id.* at 72. Reading the findings separately or collectively, there is no fact or inference to be drawn from the facts as found which supports the conclusion reached by the court.

*Judgment reversed.*